IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIV. NO. 5:20-CV-00285-D

| | |
|---|---|
| MARGIE L. ROBINSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of Social )<br>Security, )<br>)<br>Defendant. ) | ORDER |

Defendant has moved this Court, pursuant to sentence four of 42 U.S.C. § 405(g), to enter a judgment reversing the decision in this case with a remand of the case to the Commissioner as set out below. Plaintiff's attorney does not oppose Defendant's motion for remand.

In this case, Defendant has stipulated that Plaintiff met the insured status requirement of the Social Security Act through December 31, 2020; Plaintiff did not engage in substantial gainful activity during the period at issue; Plaintiff's severe impairments include degenerative disc disease, degenerative joint disease; osteoarthritis, polymyalgia rheumatic, obesity, diabetes mellitus with diabetic neuropathy, major depressive disorder, anxiety disorder, and post-traumatic stress disorder; Plaintiff's impairments, and the combination of Plaintiff's impairments, did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1; and, consistent with the decision of the Court when Plaintiff's case was previously before the Court, *see Robinson v. Berryhill*, No.

5:17-CV-539-BO, 2019 WL 406142 (E.D.N.C. Jan. 31, 2019), Plaintiff had the residual functional capacity to perform sedentary work. In addition, Plaintiff could occasionally reach; required the assistance of an ambulatory device; could understand, remember, and carry out simple instructions and sustain attention for simple tasks; occasionally interact with coworkers and supervisors, but have no public interaction; could not perform tasks that required production pace or quotas; and required a predictable work schedule. Defendant has also stipulated that Plaintiff could not perform her past relevant work during the period at issue and that Plaintiff qualified for disability benefits pursuant to medical vocational rule 201.14 at step five of the sequential evaluation.

Pursuant to the power of this Court to enter a judgment reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), this Court hereby REVERSES the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the case for calculation of benefits for the period under review: March 16, 2015 through December 30, 2016. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

SO ORDERED this **3** day of August, 2021.

JAMES C. DEVER III
United States District Judge